IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

CARIS DIAGNOSTICS, INC.,            §
                                    §
                 Plaintiff,         §
                                    §  Civil Action No. 3:09-CV-1917-D
VS.                                 §
                                    §
SUSAN M. BAILEY,                    §
                                    §
                 Defendant.         §

MEMORANDUM OPINION
AND ORDER

    Plaintiff Caris Diagnostics, Inc. ("Caris") brings this action
against defendant Susan M. Bailey ("Bailey") seeking a declaration
that the arbitration provision of an employment agreement is
enforceable.  Bailey moves to dismiss or, alternatively, to stay
the case, contending the court should decline to exercise its
jurisdiction to enter declaratory judgment.  Caris moves the court
to compel arbitration.  The court denies both motions.[1]

I

    This lawsuit arises from a failed employment relationship.
Caris is a Delaware company headquartered in Irving, Texas that
provides pathology services to physicians.  Caris approached
Bailey, then working in California, to apply to become Caris' Vice

---

[1]Under § 205(a)(5) of the E-Government Act of 2002 and the
definition of "written opinion" adopted by the Judicial Conference
of the United States, this is a "written opinion[] issued by the
court" because it "sets forth a reasoned explanation for [the]
court's decision."  It has been written, however, primarily for the
parties, to decide issues presented in this case, and not for
publication in an official reporter, and should be understood
accordingly.

President of Oncology Product Management and Development.  Caris chose to hire Bailey and sent her an offer letter (which outlined the essential duties of the position and the compensation provided in return) and an employment agreement (which contained a covenant not to compete, an arbitration provision, and a forum selection provision).   After the parties negotiated the terms of the agreement for several days, Bailey orally accepted the offer.  The next day, Caris sent her a "final executable copy" of the offer letter.  She signed and mailed the letter and the same day faxed to Caris a signed copy of the employment agreement.  She then resigned from her previous employer and began working for Caris in its Arizona office.

Bailey worked for Caris for only 16 months, resigning in July 2009, and returned to California.  A few weeks later, she was hired by Caris' competitor, Plus Diagnostics, Inc., to be its Vice President of Marketing.   On learning of the hire, Caris filed a claim for arbitration.  Bailey indicated that she would not submit to arbitration.  Two days later, Caris filed the instant action for declaratory judgment in state district court in Dallas County, Texas.  Bailey, in turn, filed a declaratory judgment action in California superior court.  Bailey asked the California court to declare that the covenant not to compete, arbitration agreement, forum selection clause, and choice of law clause were unenforceable; that the covenant not to compete was void against

California public policy; and that California law governed the dispute.  Three days later, Bailey removed the Texas case to this court.  Caris removed the California case to the Central District of California, which later transferred the suit to this court.[2]

Bailey moves to dismiss or to stay this lawsuit, contending the court should decline to enter a declaratory judgment.  Caris moves the court to compel arbitration.

II

Bailey's motion to dismiss or to stay is now largely foreclosed by procedural events that occurred after she filed her motion.  The Central District of California has transferred her lawsuit to this court.  The concerns she raised about this court's entertaining a declaratory judgment action have fallen away.  The court therefore denies her motion.

III

The court now turns to Caris' motion to compel arbitration.  The Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1-16, allows a party aggrieved by another's failure arbitrate a dispute to seek an order compelling arbitration.  "The court shall hear the parties, and upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, the

---

[2]That case, *Bailey v. Caris Diagnostics, Inc.*, No. 3:10-CV-0216-O (O'Connor, J.), has been assigned to Judge O'Connor's docket and, with his approval, is subject to being reassigned to the undersigned's docket.  The court will not consider Caris' unopposed motion to consolidate the two cases until that transfer occurs.

court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement." *Id.* at § 4. But Caris' motion to compel arbitration is unclear concerning the dispute that Caris seeks to arbitrate. Caris' state-court petition seeks a declaratory judgment that the arbitration provision is enforceable. Typically, an action to compel arbitration is pleaded as an initial matter under the FAA. A plaintiff may also file a motion to compel arbitration of the claim made in its petition. Here, such a procedure would lead to the arbitration of the enforceability of the arbitration clause, but not the underlying dispute.

Notwithstanding the confusion of the pleadings in the case, the court concludes that it would be premature to grant Caris' motion to compel arbitration. Bailey has challenged the enforceability of the arbitration provision. The court therefore cannot yet be satisfied that the making of the arbitration agreement is not in issue. The court thus denies without prejudice Caris' motion to compel arbitration.

*       *       *

The court denies Bailey's October 9, 2009 motion to dismiss, and it denies without prejudice Caris' October 29, 2009 motion to compel arbitration.

**SO ORDERED.**

February 10, 2010.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE